IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREN BUCHER,<br>        Plaintiff, | ) <br> ) <br> ) | |
| vs | ) <br> ) | Civil Action No. 14-659 |
| AMERICAN HEALTH AND LIFE INSURANCE<br>CO., et al.,<br>        Defendants. | ) <br> ) <br> ) <br> ) | |

## MEMORANDUM ORDER

On May 21, 2014, Defendants, American Health and Life Insurance Co., CitiFinancial Services, Inc. and OneMain Financial, Inc., removed this action filed by Plaintiff, Karen Bucher, to this Court from the Court of Common Pleas of Allegheny County. On June 4, 2014, Defendants filed a motion to compel arbitration and stay proceedings, based on arbitration agreements connected with unsecured personal loans (not the mortgage and life insurance policy at issue in this case). In addition to filing a response to the motion, Plaintiff filed a motion for leave to amend the complaint on July 12, 2014, which was granted on July 17, 2014 (ECF No. 15) and the Amended Complaint was filed on July 18, 2014 (ECF No. 16). Thereafter, Defendants again filed a motion to compel arbitration (ECF No. 17), which was fully briefed.

On August 28, 2014, Magistrate Judge Robert C. Mitchell entered a Memorandum Opinion and Order denying the second motion to compel arbitration on the ground that the loan in question did not have an arbitration clause in it (ECF No. 24). Defendants filed objections (ECF No. 25), to which Plaintiff responded (ECF No. 28) and on September 29, 2014, the Court entered an order adopting the Memorandum and Order and directing the Defendants to file an answer to the Amended Complaint by October 14, 2014 (ECF No. 29).

Defendants filed a Notice of Appeal on October 3, 2014 (ECF No. 30). Then they filed a

motion to stay this case pending resolution of the appeal (ECF No. 33), to which Plaintiff responded on October 17, 2014 (ECF No. 38), and Defendants filed a reply brief by October 27, 2014 (ECF No. 40). The parties have stipulated that, if the Court denies the motion to stay, Defendants' answer will be due within 14 days thereafter (ECF No. 36).

The parties agree that the rule is that "the filing of an interlocutory appeal pursuant to Section 16(a) of the FAA automatically deprives the trial court of jurisdiction to proceed … where the Section 16(a) appeal is neither frivolous nor forfeited." Ehleiter v. Grapetree Shores, Inc., 482 F.3d 207, 215 n.6 (3d Cir. 2007). They also appear to agree that this Court must make the initial determination as to whether the appeal is frivolous (there is no dispute that the appeal in this case was timely and thus not forfeited). See McCauley v. Halliburton Energy Servs., Inc., 413 F.3d 1158, 1162 (10th Cir. 2005) (filing of motion to stay pending appeal automatically divests district court of jurisdiction unless it certifies appeal as frivolous, subject to review by court of appeals).

Judge Lancaster has stated that:

> To determine whether defendant's appeal here is frivolous, we apply the standard the court of appeals would use to make such a determination. Under Fed. R. App. P. 38, the court of appeals may award damages if it determines that an appeal is frivolous. This inquiry is objective, focusing "on the merits of the appeal regardless of good or bad faith." Hilmon Co. (V.I.) Inc. v. Hyatt Int'l, 899 F.2d 250, 253 (3d Cir. 1990). Further, an appeal is frivolous if, upon review of the record and the law, it lacks "colorable support." Nagle v. Alspach, 8 F.3d 141, 145 (3d Cir. 1993).

Kirleis v. Dickie, McCamey & Chicolte, PC, 2007 WL 3023950, at *3 (W.D. Pa. Oct. 12, 2007). In Kirleis, Judge Lancaster determined that an appeal was frivolous because the defendant failed to present any evidence to refute the plaintiff's sworn testimony that she never received a copy of

the law firm's By-Laws and was not otherwise informed of the provisions relating to arbitration contained therein, thus she had not agreed to arbitrate her claims.

Plaintiff argues that the appeal is frivolous, primarily because even the agreements that have arbitration clauses in them exclude actions to establish, perfect or clear title with respect to an interest in property and thus Defendants understood that mortgages constituted clouds upon title. In addition, Plaintiff notes that she is a debtor under Chapter 13 and she must continue to service the related loan until this matter is resolved, but there will be discovery whether this case is in court or arbitration.

Defendants, on the other hand, continue to argue that other loan agreements have broad arbitration clauses that apply retroactively to the 2005 loan at issue here and that, given the presumption in favor of arbitration, even in doubtful cases arbitration should apply. They also argue that Plaintiff does not explain how a stay will interfere with her bankruptcy proceedings and point out that she was the party who initiated this action outside of the bankruptcy forum while her bankruptcy case is still pending. In addition, they observe that Plaintiff's argument about the frivolousness of the appeal is based upon an argument—that the dispute in this case is excluded from the arbitration agreements Defendants cite because mortgages constitute clouds upon title—that this Court never reached.

The Court concludes that this case resembles <u>Kirleis</u> in that there is no evidence that Plaintiff agreed to arbitrate a dispute arising out of <u>this</u> loan in the documents that accompanied this loan. The fact that other loans had arbitration clauses in them (which were connected to specific loans by account number) does not alter this result. Therefore, Defendants do not have "colorable support" for their appeal.

AND NOW, this 28th day of October, 2014,

IT IS HEREBY ORDERED that Defendants' motion to stay this matter pending appeal (ECF No. 33) is denied on the ground that the appeal is frivolous.

s/Nora Barry Fischer<br>
NORA BARRY FISCHER<br>
United States District Judge